IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 29, 2014

**DERRICK HODGE v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 288665     Don W. Poole, Judge**

---

**No. E2013-01883-CCA-R3-PC - Filed February 19, 2014**

---

The petitioner, Derrick Hodge, filed in the Hamilton County Criminal Court a petition for post-conviction relief from his guilty plea to possession of less than .5 grams of cocaine with the intent to sell.  The post-conviction court dismissed the petition because it was untimely. On appeal, the petitioner contends that the holdings in Missouri v. Frye, __ U.S. __, 132 S. Ct. 1399 (2012), and Lafler v. Cooper, __ U.S. __, 132 S. Ct. 1376 (2012), establish a new rule of law that is entitled to retroactive application to cases on collateral review.  Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and JEFFREY S. BIVINS, JJ., joined.

Derrick Hodge, Lexington, Kentucky, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Senior Counsel; and William H. Cox, III, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

On January 31, 2000, the petitioner pled guilty to possession of less than .5 grams of cocaine with the intent to sell, for which he received a sentence of three years.  On July 16, 2013, he filed a petition for post-conviction relief, alleging in part that his trial counsel was ineffective and that his guilty plea was not knowingly and voluntarily entered.  Neither the plea agreement nor the judgment of conviction were attached to the post-conviction petition. Further, the petitioner did not acknowledge that the petition was filed outside the statute of

limitations.

Thereafter, on July 22, 1013, the post-conviction court issued an order, denying the petition. The court found that the petition was filed outside the one-year statute of limitations and that no exception to the limitations period existed.

On appeal, the petitioner contends that Missouri v. Frye, __ U.S. __, 132 S. Ct. 1399 (2012), and Lafler v. Cooper, __ U.S. __, 132 S. Ct. 1376 (2012), establish a new rule of law that is entitled to retroactive application to cases on collateral review and that his petition was timely filed within one-year of the issuance of those opinions.

## II. Analysis

We note that "[r]elief under [the Post-Conviction Procedure Act] shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. However, to obtain relief, the post-conviction petition must be filed within one year of the final action of the highest state appellate court to which an appeal is taken. Tenn. Code Ann. § 40-30-102(a) (2006); see also Williams v. State, 44 S.W.3d 464, 468 (Tenn. 2001). The statute emphasizes that "[t]ime is of the essence of the right to file a petition for post-conviction relief" and that "the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise." Tenn. Code Ann. § 40-30-102(a).

Clearly, the post-conviction petition was filed well outside the one-year statute of limitations. Pursuant to Tennessee Code Annotated section 40-30-102(b), a court does not have jurisdiction to consider a petition for post-conviction relief if it was filed outside the one-year statute of limitations unless (1) "[t]he claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required"; (2) "[t]he claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted"; or (3) the claim in the petition "seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid . . . ." On appeal, the petitioner contends for the first time that the rulings in Missouri v. Frye, __ U.S. __, 132 S. Ct. 1399 (2012), and Lafler v. Cooper, __ U.S. __, 132 S. Ct. 1376 (2012), require retrospective application.

Generally, Frye and Lafler concern a defendant's Sixth Amendment right to effective

assistance of counsel at the plea bargaining stage.  See Gary K. Thomas v. State, No. E2012-02086-CCA-R3-PC, 2013 WL 1092770, at *1 (Tenn. Crim. App. at Knoxville, Mar. 15, 2013), perm. to appeal denied (Tenn. 2013).  The right to effective assistance of counsel at trial was outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984), and the right was also applied to the guilty plea process in Hill v. Lockhart, 474 U.S. 52, 59 (1985).  This court has noted that "Frye and Lafler applied the well-established Strickland test as extended to the plea process in Hill" and determined that neither Frye nor Lafler establish a new constitutional right requiring retroactive application.  Johnny L. McGowan v. State, No. M2012-02490-CCA-R3-PC, 2013 WL 5310473, at *2-3 (Tenn. Crim. App. at Nashville, Sept. 20, 2013); see also Bruce L. Robinson v. State, No. W2012-01401-CCA-R3-PC, 2013 WL 1858628, at *3 (Tenn. Crim. App. at Jackson, May 2, 2013); Thomas, No. E2012-02086-CCA-R3-PC, 2013 WL 1092770, at *4 n.5.  Accordingly, we conclude that the post-conviction court correctly dismissed the post-conviction petition as untimely.

### III.  Conclusion

Finding no error, we affirm the judgment of the post-conviction court.

_____
NORMA McGEE OGLE, JUDGE